| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CR131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| ANTOINE GAMBLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court after a hearing on April 25, 2012, on the defendant's alleged violation of supervised release, Filing No. 58. The defendant appeared and was represented by Assistant Federal Public Defender Shannon O'Connor; the government was represented by Assistant U.S. Attorney John Higgins. The parties agree that the defendant needs a mental evaluation, but for differing reasons. Defense counsel is not convinced the defendant is competent while the government and the court have more general concerns about the defendant's general mental health. The defense undertook a mental evaluation of the defendant by psychologist Joseph F. Bertinetti, Ph.D.

The Amended Petition for Violation of Supervised Release alleges, among other things, that the defendant is not following through with mental health treatment and medication. The court finds that Dr. Bertinetti's diagnosis is of such serious nature that the defendant must be evaluated to determine whether the court may continue with these proceedings or how to best manage his supervision or incarceration.

The court finds the defendant has shown that he "may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care and treatment in a suitable facility." 18 U.S.C. § 4244(a). The court also finds that a psychiatric

and psychological evaluation is warranted to determine the defendant's current mental status and to enable the court to determine an appropriate disposition. *See* 18 U.S.C. § 3552 (b) & (c). Under 18 U.S.C. § 4244(b), if a report "includes an opinion by the examiners that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need." 18 U.S.C. § 4244(b).

The court further finds there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

Further, the court finds that there is a compelling reason for the evaluation to be done by the Bureau of Prisons and there are no adequate professional resources available in the local community to perform the evaluation. 18 U.S.C. § 3552(b). A copy of Dr. Bertinetti's evaluation (Filing No. 64, Ex. 1) shall be provided under seal to the Bureau of Prisons. Accordingly,

IT IS ORDERED:

1. Pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and 4247(c)(4)(F), the defendant is committed to the custody of the Attorney General for purposes of a psychiatric or psychological examination by the Bureau of Prisons, a psychiatric or psychological report shall be filed with the court, and the report shall also include any recommendation the examiner may have as to how the mental condition of the defendant should affect the disposition.

2.   The report shall include the information required pursuant to 18 U.S.C. § 4247(c) and 4244(b).

3.   The report shall be completed on or before **July 15, 2012.**

4.   Further hearing on this matter is rescheduled to **August 30, 2012, at 1:00 p.m.**, Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

5.   Pursuant to 18 U.S.C. § 4247(b), the commitment of defendant for purposes of examination shall be for a reasonable period of time, not to exceed 30 days; the director of the facility may apply for a reasonable extension, but not to exceed 15 days on a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

DATED this 15th day of May, 2012.

BY THE COURT:


s/ Joseph F. Bataillon_____
United States District Court Judge